IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM DANIEL CRUMPTON, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 7:19cv00515 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DIRECTOR OF THE VIRGINIA ) | By:  Hon. Thomas T. Cullen |
| DEPARTMENT OF ) |       United States District Judge |
| CORRECTIONS, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

    Plaintiff William Daniel Crumpton, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, against the Director of the Virginia Department of Corrections,[1] Warden C. Davis of Keen Mountain Correctional Center ("Keen Mountain"), Lieutenant B.T. Mitchell, and Hearings Officer T. Lowe. After reviewing Crumpton's complaint, the court concludes that Crumpton has failed to state a cognizable federal claim against the defendants. The court therefore will dismiss Crumpton's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.

    Following an investigation on April 1, 2019, Crumpton was charged with disciplinary offenses for conspiring to distribute buprenorphine strips inside Keen Mountain. Officials at the prison initially scheduled a disciplinary hearing for April 8, 2019, but the hearing was continued by notice to April 11, 2019. The hearing did not occur that day, and by notice dated

---

[1] Crumpton does not identify who the Director of the Virginia Department of Corrections is.

April 18, 2019, Crumpton was advised that it was continued until April 22, 2019.[2] Each notice of continuance stated that "staff/witnesses are off duty/away on date of hearing." Crumpton alleges that defendant Institutional Investigator Mitchell, the reporting officer for his charges, was the only witness he expected to attend his disciplinary hearing. He also states that Investigator Mitchell was on duty and at Keen Mountain on April 11, 2019, when his disciplinary hearing was originally scheduled. The disciplinary hearing was ultimately held on April 22, 2019, before defendant Disciplinary Hearing Officer ("DHO") Lowe. DHO Lowe determined that Crumpton was guilty of the disciplinary charges and imposed a penalty of 90 days' loss of telephone privileges. Crumpton argues that he was denied due process at the disciplinary hearing because (1) the notices of continuances were void because they were "falsified" and, thus, he did not receive 24 hours' notice of his hearing, and (2) the DHO was not a fair and neutral decision maker. Crumpton seeks injunctive relief and $605,000 in damages.[3]

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process

---

[2] It is unclear—but ultimately irrelevant—whether another notice of continuance was issued between April 8, 2019, and April 18, 2019.

[3] Crumpton seeks $5,000 in compensatory damages against each defendant, "jointly and severally," $50,000 in mental and emotional damages against each defendant, and punitive damages in the amount of $100,000 against each defendant.

of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).

While prisoners retain rights under the Due Process clause, they do not have a constitutionally protected interest in avoiding penalties for disciplinary infractions. *Wolff v. McDonnell*, 418 U.S. 539, 556–67 (1974). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardships on the inmate relative to ordinary prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Since "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," temporarily losing privileges as "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 486.

As a result of his disciplinary convictions, Crumpton lost telephone privileges for 90 days. Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Further, "there is no constitutional or federal statutory right to use of a telephone while in prison." *United States v. Alkire*, No. 95-7885, 1996 U.S. App. LEXIS 7021, at *1, 1996 WL 166400, at *1 (4th Cir. 1996). Accordingly, the court concludes that Crumpton's penalty does not implicate a protected interest under the Due Process clause and, thus, does not give rise to due process protections.

Moreover, even if a protected interest was implicated, Crumpton's complaint shows that he received due process in his disciplinary hearing. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do[] not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To provide constitutionally sufficient procedural due process, a disciplinary proceeding must provide: (1) written notice of a claimed violation at least 24 hours before any disciplinary hearing; (2) the ability of the prisoner to call witnesses and present documentary evidence at the disciplinary hearing; and (3) a written statement of the evidence relied upon by the factfinder and the reasons for the disciplinary action taken. *See Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016) (citing *Wolff*, 418 U.S. at 563-66). Crumpton argues that he did not receive 24-hour notice of his hearing in violation of his due process rights because the reason given for continuing his hearings was false. Crumpton also argues that because the purported reason for the continuances was false, the DHO was not a fair and neutral decision-maker.

These conclusory allegations do not demonstrate a due process violation and are belied by the record. Crumpton received a disciplinary offense report explaining the charges against him on April 1, 2019. After multiple continuances, Crumpton's hearing occurred on April 22, 2019. Clearly, Crumpton had more than 24 hours of notice before his hearing. A prisoner is entitled to advance notice of the charges against him in order to allow him to "marshal the facts in his defense and to clarify what the charges are." *Wolff*, 418 U.S. at 564. Accordingly, the court concludes that these allegations fail to establish a due process violation.

Crumpton's lack-of-an-impartial-decisionmaker claim fails as well. An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But

prison hearing officers are not held to the same standard of neutrality as judges in criminal proceedings. *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996). The court must presume that the DHO conducted the proceeding at issue with honesty and integrity, and for the court to find the DHO less than impartial, "there must be some substantial countervailing reason to conclude that [he was] actually biased with respect to factual issues being adjudicated." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004)); *see Wolff*, 418 U.S. at 592. Crumpton's allegation that the DHO was not fair and neutral because the reason given for the continuances was false is not sufficiently substantial or specific to overcome the presumption that the DHO was a fair and impartial arbiter of his disciplinary charge. As such, this allegation also fails to establish a due process violation.

### III.

For these reasons, the court will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. The clerk is directed to forward a copy of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 11th day of February, 2021.

                                                        */s/ Thomas T. Cullen*
                                                        HON. THOMAS T. CULLEN
                                                        UNITED STATES DISTRICT JUDGE